UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIE RILEY, | CASE NO. C20-0458JLR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Marie Riley's motion to remand this case to King County Superior Court.  (Mot. (Dkt. # 25).)  Defendant the Boeing Company ("Boeing") opposes the motion.  (Resp. (Dkt. # 28).)  The court has considered the motion, the parties' submissions in support of and in opposition to the motion, and the applicable law.

//

//

//

ORDER - 1

1   Being fully advised,[1] the court GRANTS Ms. Riley's motion to remand this case to King

2   County Superior Court.

3                     **II.   BACKGROUND**

4   **A.   Factual Background**

5       Ms. Riley's mother, Deborah Ulrich, worked at Boeing's electronic circuit board

6   manufacturing facility (the "Boeing Facility") between 1979 and 1980 (KCSC FAC (Dkt.

7   # 1-4) (sealed) ¶¶ 5, 11.)  Ms. Riley alleges that Ms. Ulrich "was exposed via inhalation

8   and/or dermal contact to chemical products and substances that were utilized in the

9   manufacture of [Boeing's] printed circuit boards" at the Boeing Facility.  (*Id.* ¶ 14.)  Ms.

10   Riley further alleges that she was exposed to these chemicals *in utero* and that they

11   caused her injury.  (*Id.* ¶¶ 73-76.)  Ms. Riley further alleges that Defendant Newco, Inc.

12   ("Newco")[2] supplied Boeing with chemicals to which Ms. Ulrich was exposed and which

13   ultimately caused Ms. Riley's injuries.  (*Id.* ¶ 1.)  Based on these allegations, Ms. Riley

14   //

15       [1] Ms. Riley requests oral argument (*see* Mot. at 1), but Boeing does not (*see* Resp. at 1).

16   Oral argument is not necessary where the non-moving party suffers no prejudice.  *See Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984); *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171

17   F.3d 1197, 1200 (9th Cir. 1999) (holding that no oral argument was warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support

18   of their respective positions," and "[t]he only prejudice [the defendants] contend they suffered was the district court's adverse ruling on the motion.").  "When a party has an adequate

19   opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]."  *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.

20   1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*).  Here, the issues have been thoroughly briefed by

21   the parties, and oral argument would not be of assistance to the court.  *See* Local Rules W.D. Wash. LCR 7(b)(4).  Accordingly, the court DENIES Ms. Riley's request for oral argument.

22       [2] Newco does business as Cascade Columbia Distribution Company ("Cascade").  (*See* Dkt.)

ORDER - 2

1    brings claims for negligence and products liability against Boeing; and for negligence and

2    breach of warranty against Newco.  (*See id.* ¶¶ 25-109.)

3    **B.    Procedural Background**

4          This district is the third forum in the life of this case.  Ms. Riley initially filed a

5    complaint against Boeing in Cook County Circuit Court in the Illinois state court system.

6    (*See* Ill. SAC (Dkt. # 1-3, Ex. A) (sealed).)  The Cook County Circuit Court consolidated

7    Ms. Riley's case with three related cases (collectively, the "Illinois Case").  (*See* Ill. FNC

8    Order (Dkt. # 1-3, Ex. C) at 1.)[3]

9          Ms. Riley did not name Newco as a defendant in the Illinois Case.  (*See* Ill. SAC

10   at 1.)  On July 1, 2019, after limited discovery on statute of limitations and *forum non*

11   *conveniens* ("FNC") issues, Boeing filed a motion to dismiss and transfer the Illinois

12   Case on FNC grounds.  (*See* Ill. FNC Order at 2-3.)  After considering the applicable

13   private and public interest factors, the Cook County Circuit Court concluded that the

14   factors "strongly favor the transfer of [the Illinois Case] to the Washington Superior

15   Court," granted Boeing's motion, dismissed the Illinois Case, and held:

16          Pursuant to Rule 187, if the plaintiffs re-file their cases in the Washington
             Superior Court within six months, Boeing shall: (a) accept service of process
17           from the relevant court in which each case is re-filed; and (b) waive any
             argument based on a statute of limitations defense.

18   (*Id.* at 28-29.)

19   //

20

21          [3] The court cites to the page numbers provided by the court's electronic filing system

22   throughout this order, except for the documents filed at Dkt. # 1-3, Exs. A-C, for which the court
     cites to the page numbers provided by the source documents.

1        Ms. Riley filed a complaint in King County Superior Court on February 24, 2020,

2    naming both Boeing and Newco as defendants.  (*See* KCSC Compl. (Dkt. # 1-4) (sealed)

3    at 2.)  Ms. Riley's Washington complaint alleges that Newco is a Washington corporation

4    with its principal place of business in Seattle, Washington.  (*Id.* ¶ 4.)  Boeing removed to

5    this district on March 27, 2020.  (*See* Not. of Removal (Dkt. # 1) at 9.)  In its notice of

6    removal, Boeing contends that this court has diversity jurisdiction pursuant to 28 U.S.C.

7    § 1332(a)(1) because Newco—the only non-diverse defendant—is fraudulently joined.

8    (*See id.* at 4-8.)

9        Ms. Riley filed her motion to remand this case to King County Superior Court on

10   April 27, 2020.  (*See* Mot. at 15.)  The court now considers Ms. Riley's motion.

11                              **III.   ANALYSIS**

12       In support of her motion to remand, Ms. Riley contends that (1) Boeing

13   is judicially estopped from removing this case (*see id.* at 6-7); and (2) even if Boeing is

14   not estopped, this court lacks diversity jurisdiction because Ms. Riley and Newco are

15   both Washington citizens, and Newco is not fraudulently joined (*see id.* at 7-15).  In

16   response, Boeing argues that (1) Boeing is not judicially estopped from removing this

17   case (*see* Resp. at 5-8); and (2) Newco is fraudulently joined because (a) Ms. Riley's

18   claims against Newco are time-barred (*see id*. at 8-11); and (b) Ms. Riley does not plead

19   any actionable claims against Newco (*see id*. at 11-14).  The court sets forth the

20   applicable legal standards before analyzing Ms. Riley's motion.

21   //

22   //

ORDER - 4

1    **A.    Legal Standards**

2        1.  Removal and Remand

3        Removal of a civil action to federal district court is proper where the federal court

4    would have original jurisdiction over the state court action.  *See* 28 U.S.C. § 1441(a).  "If

5    it appears that the federal court lacks jurisdiction, however, 'the case shall be

6    remanded.'"  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) (quoting 28

7    U.S.C. § 1447(c)).  District courts have original jurisdiction over an action with both

8    complete diversity of citizenship among the parties and an amount in controversy

9    exceeding $75,000.00.  *See* 28 U.S.C. § 1332(a); *see also Abrego Abrego v. Dow Chem.*

10   *Co.*, 443 F.3d 676, 679 (9th Cir. 2006).  Federal courts strictly construe the removal

11   statute and must reject jurisdiction if there is any doubt as to the right of removal in the

12   first instance.  *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034

13   (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the

14   defendant has the burden of establishing that removal is proper.  *See Kroske v. U.S. Bank*

15   *Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Although Boeing has the burden of

16   establishing the grounds for federal jurisdiction, the court is also obliged to satisfy itself

17   that it has subject matter jurisdiction.  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th

18   Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).

19       2.  Fraudulent Joinder

20       Fraudulent joinder is an exception to the requirement of complete diversity.  *See*

21   *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a

22   non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit

is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal alteration in *McCabe*).  There is a general presumption against finding fraudulent joinder, and defendants bear a "heavy burden" to establish it. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548-49 (9th Cir. 2018). Fraudulent joinder must be proved by clear and convincing evidence.  *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

A defendant may establish fraudulent joinder in one of two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC*, 889 F.3d at 548-49 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  A defendant succeeds in the second method if the defendant "shows that an 'individual[] joined in the action cannot be liable on any theory.'"  *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (quoting *Hunter*, 582 F.3d at 1046)).

The tests for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent.  *Id.* at 549.  "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  *Id.*  Indeed, the fraudulent joinder standard "is similar to the 'wholly insubstantial and frivolous'

1   standard for dismissing claims under Rule 12(b)(1) for lack of federal question

2   jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  The stringent

3   standard for fraudulent joinder comports with the presumption against removal

4   jurisdiction, under which federal courts "strictly construe the removal statute," and reject

5   federal jurisdiction "if there is any doubt as to the right of removal in the first instance."

6   *Id.* at 550 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

7         3.  Judicial Estoppel

8         Judicial estoppel is an "equitable doctrine invoked by a court at its discretion."

9   *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d

10  1033, 1037 (9th Cir. 1990)) (internal quotation marks omitted).  Courts invoke judicial

11  estoppel "to prevent a party from gaining an advantage by taking inconsistent positions"

12  and to "protect against a litigant playing fast and loose with the courts."  *Hamilton v.*

13  *State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Russell*, 893

14  F.2d at 1037) (internal quotations omitted).  The Ninth Circuit "restrict[s] the application

15  of judicial estoppel to cases where the court relie[s] on, or 'accept[s],' the party's

16  previous inconsistent position."  *See Hamilton*, 270 F.3d at 783; *see also Interstate Fire*

17  *& Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998), *as*

18  *amended* (May 13, 1998) ("A majority of courts apply judicial estoppel only if the court

19  has relied on the party's previously inconsistent statement, and we have recently adopted

20  that rule.").

21        The court considers three non-exclusive factors in determining whether to apply

22  the doctrine:  (1) whether the party's later position is "clearly inconsistent" with its earlier

1    position; (2) whether the party succeeded in persuading a court to accept the earlier

2    position and the court's acceptance of the later position would lead to the perception that

3    the party misled either court; and (3) whether "the party seeking to assert an inconsistent

4    position would derive an unfair advantage or impose an unfair detriment on the opposing

5    party if not estopped." *See New Hampshire*, 532 U.S. at 750-51 (citations omitted).

6    **B.    Ms. Riley's Motion to Remand**

7           The court first addresses Ms. Riley's argument that Boeing is estopped from

8    removing this case before turning to Boeing's argument that jurisdiction is proper

9    because Newco is fraudulently joined.

10          1.   Judicial Estoppel – Removal

11          Ms. Riley argues that Boeing is judicially estopped from removing this case in the

12   first instance—regardless of the court's subject matter jurisdiction—on account of certain

13   positions Boeing took in the Illinois Case.  (*See* Mot. at 6-7.)  Specifically, Ms. Riley

14   contends that Boeing secured a FNC-based dismissal in the Illinois circuit courts by

15   specifically relying on the comparison between the Illinois circuit courts and the

16   Washington superior courts.  (*See id.* at 6 ("In moving for a *forum non conveniens*

17   dismissal in Illinois, Boeing quite clearly intended the state court there to believe that the

18   proposed alternative forum was Washington superior court.").)  Ms. Riley argues that

19   Boeing invited the Cook County Circuit Court to compare court congestion between

20   Illinois and Washington state courts, and that the Cook County Circuit Court's dismissal

21   of the Illinois Case was based in part on that comparison.  (*See id.* at 6-7.)  Ms. Riley

22   further contends that the Cook County Circuit Court would not have ordered FNC-based

1   dismissal had it compared congestion in Illinois state courts to the United States District

2   Court for the Western District of Washington, in which "[f]ive of the district's seven

3   authorized judgeships are vacant, and every vacancy is a judicial emergency." (*Id.* at 6.)

4   Ms. Riley contends that Boeing made "affirmative use of the processes of a state court"

5   to obtain a tactical advantage and should not now be allowed to "change its position, once

6   it is safely out of the original forum." (*Id.* at 7.)

7           Boeing relies primarily on *Kidwell v. Maybach International Group*, No.

8   2:19-cv-149, 2020 WL 897609 (E.D. Ky. Feb. 24, 2020), to counter Ms. Riley's judicial

9   estoppel argument. (*See* Resp. at 6.) In *Kidwell*, the plaintiff moved to remand a

10  removed case to state court on the ground that the defendants "made explicit

11  representations to the Illinois court that they planned to litigate the suit in the state courts

12  of Kentucky," "base[d] . . . mostly on [the defendants] noting that Boone County Courts

13  heard fewer cases and had a faster resolution time." *Kidwell*, 2020 WL 897609 at *1.

14  The Eastern District of Kentucky held that although the defendants had referenced the

15  Boone County, Kentucky docket, "they never clearly and unequivocally stated that they

16  intended to waive their right to remove or litigate the case to a resolution in Kentucky

17  state courts." *Id.* Boeing contends that *Kidwell* directly applies to this case because like

18  the defendants in *Kidwell*, Boeing "made no representations at all about its legal strategy

19  in the event Ms. Riley refiled in Washington." (Resp. at 6.) Boeing further counters Ms.

20  Riley's argument that Boeing made affirmative use of the processes of a state court by

21  arguing that (1) contrary to submitting to the Cook County Circuit Court's jurisdiction,

22  Boeing's "use" of the Illinois state court system was not a submission to that court's

1    jurisdiction, but rather an attempt to obtain dismissal of the case from that jurisdiction;

2    and (2) Boeing did not make affirmative use of the King County Superior Court because

3    it removed this case within 30 days of service, before answering or otherwise responding

4    to the complaint.  (*See id*. at 6-7.)  Finally, Boeing contends that the Cook County Circuit

5    Court found the issue of court congestion to be "neutral," indicating that it was not a

6    major factor in the Cook County Circuit Court's FNC-based dismissal.  (*See id.*)

7         In reply, Ms. Riley faults Boeing's reliance on *Kidwell*, contending that *Kidwell*

8    addressed the issue of waiver, not judicial estoppel.  (*See* Reply (Dkt. # 29) at 2-3.)  Ms.

9    Riley further contends that Boeing did make affirmative use of the Illinois state court

10   system because:

11        during the 21 months before it was dismissed, Boeing successfully moved to
         dismiss for failure to adequately plead causation (although the court allowed
12        plaintiff to replead), obtained discovery on limitations issues, and filed two
         separate motions to dismiss on statute of limitations grounds, though both
13        were denied without prejudice.

14   (*Id.* at 3.)  Finally, Ms. Riley contends that the Cook County Circuit Court relied heavily

15   on Boeing's argument that the case should be transferred not just to Washington but to a

16   specific forum—Washington superior courts—in granting FNC-based dismissal.  (*See id.*

17   at 3-6 (noting that the Cook County Circuit Court's order mentions "Washington

18   Superior Court" 11 times).)  In sum, Ms. Riley argues that having relied on comparing

19   the Illinois state courts to the Washington state courts, and the Cook County Circuit

20   Court having applied the FNC analysis based on that direct comparison, Boeing should

21   be judicially estopped from now removing from the Washington state courts to federal

22   court.  (*See id.* at 4-6.)

1    Having set forth the parties' positions, the court analyzes whether Boeing is

2    estopped from removing this case to federal court by applying the three judicial estoppel

3    factors:  (1) whether the party's later position is "clearly inconsistent" with its earlier

4    position; (2) whether the party succeeded in persuading a court to accept the earlier

5    position and the court's acceptance of the later position would lead to the perception that

6    the party misled either court; and (3) whether "the party seeking to assert an inconsistent

7    position would derive an unfair advantage or impose an unfair detriment on the opposing

8    party if not estopped."  *See New Hampshire*, 532 U.S. at 750-51 (citations omitted).

9         a.   *Whether Boeing's Later Position is "Clearly Inconsistent" with its Earlier*
              *Position*

10   The first factor weighs against invoking judicial estoppel.  Courts generally

11   require that for a position to be "clearly inconsistent," the party must have actually taken

12   a particular position in the first place.  Nowhere in the Illinois state court documents filed

13   with this court does Boeing represent that it will not remove a later-filed case to federal

14   court.  Although Boeing cited statistics regarding docket congestion in Washington

15   Superior Courts, it never agreed that it would not remove if Ms. Riley re-filed in

16   Washington state court.  Therefore, Boeing's current position—that it may remove this

17   case—is not "clearly inconsistent" with a previous position it took.

18   Ms. Riley is correct that a party may invoke judicial estoppel to secure a remand in

19   a removed case in some instances.  However, the authority Ms. Riley relies on for that

20   position here undermines her argument.  For example, in *Iglesias v. Welch Foods Inc.*,

21   No. 17-CV-00219-TEH, 2017 WL 1227393, at *2 (N.D. Cal. Apr. 4, 2017), the

defendants previously took the position that the plaintiffs lacked Article III standing.

Defendants then removed the case to federal court, despite acknowledging that the

plaintiffs must have Article III standing to remove a case to federal court.  *Id.*  In contrast

to the defendants in *Iglesias*, here Boeing took no position on removal or this court's

jurisdiction in the Illinois Case.

> b.  *Whether the Court's Acceptance of Boeing's Later Position Would Lead to the Perception that the Party Misled Either Court*

The second factor also weighs against invoking judicial estoppel.  Boeing

argued the issue of court congestion to the Cook County Circuit Court, which at least

implied that FNC-based dismissal was warranted because Washington state courts are

less congested than Illinois state courts.  (*See* Ill. FNC Order at 26-28.)  Boeing's position

at least implies that Boeing intended to defend the case in the Washington state court

system, not in the heavily congested Western District of Washington.  However, Ms.

Riley overstates the importance of this argument to the Cook County Circuit Court's

decision to dismiss the Illinois Case.   The Cook County Circuit Court ultimately found

that the congestion factor was "neutral."  (*See id.* at 28.)  The Cook County Circuit Court

based its ruling on the other public and private interest factors.  (*See id.* at 10-28.)

Several of those factors depend solely on geographic location, making it immaterial

whether the case is ultimately litigated in Washington state court or Washington federal

court.  (*See, e.g.*, *id.* at 12 (analyzing the "convenience of the parties" factor and

concluding that "each plaintiff lives either in King or Snohomish Counties, Washington;

none has ever lived in Illinois"; and holding that it is "obvious" that it is inconvenient for

1   the case to proceed in Chicago); *id.* at 15-18 (holding that the "relative ease of access to

2   evidence factor . . . strongly favors Washington").)  Therefore, the Cook County Circuit

3   Court's FNC-based dismissal order strongly suggests that it was not misled by Boeing's

4   congestion-based arguments; or if it was, it had no effect on the court's decision to

5   dismiss the Illinois Case.

6          c.   *Whether Boeing Would Derive an Unfair Advantage or Impose an Unfair*
               *Detriment if Not Estopped*

7          The third judicial estoppel factor asks whether the party asserting an inconsistent

8   position would receive an "unfair advantage or impose an unfair detriment on the

9   opposing party if not estopped."  *See New Hampshire*, 532 U.S. at 751 (citations

10  omitted).  Ms. Riley does not explain how Boeing would derive an unfair advantage by

11  removing this case.  (*See generally* Mot.)  At most, Ms. Riley states in conclusory fashion

12  that Boeing "obtained a significant tactical advantage" by litigating this case in

13  Washington instead of in Illinois.  (*See id.* at 7.)  However, Ms. Riley does not contend

14  that she will lose any substantive rights to pursue her claims if this case proceeds in

15  federal rather than state court, fails to explain the "significant tactical advantage" Boeing

16  will gain by litigating in federal court, and fails to explain how any such advantage would

17  be "unfair."  (*See generally id.*)  Accordingly, the court concludes that this factor weighs

18  against invoking judicial estoppel.

19  //

20  //

21  //

22

ORDER - 13

1          d.  *Judicial Estoppel Conclusion*

2          In sum, the three judicial estoppel factors weigh against invoking judicial estoppel.

3    Therefore, the court declines to exercise its discretion to invoke judicial estoppel to

4    preclude Boeing from removing this case.  *See New Hampshire*, 532 U.S. at 750.

5          2.  Fraudulent Joinder

6          Although Ms. Riley is the moving party on her motion to remand, Boeing is the

7    party seeking to invoke the court's subject matter jurisdiction.  (*See* Not. of Removal at 2,

8    4-9.)  Therefore, Boeing bears the burden to establish that Newco is fraudulently joined.

9    *See Kroske*, 432 F.3d at 980; *Grancare, LLC*, 889 F.3d at 548-49.  Boeing makes two

10   primary arguments in favor of a fraudulent joinder finding:  (1) That Ms. Riley has no

11   viable claim against Newco because the statute of limitations bars any such claim (*see*

12   Resp. at 8-11); and (2) That Ms. Riley does not plead an actionable claim against Newco

13   because Ms. Riley's complaint "does not even attempt to specifically identify which

14   workplace chemicals her mother—Deborah Ulrich—might have encountered," does not

15   plead that Newco supplied any particular chemical among the broad categories identified,

16   and does not plead that Newco supplied the chemical *and* that it was the cause of her

17   injuries (*id.* at 12-13).

18         A defendant may establish fraudulent joinder in one of two ways:  "(1) [A]ctual

19   fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

20   cause of action against the non-diverse party in state court."  *Grancare, LLC*, 889 F.3d at

21   548-49 (quoting *Hunter*, 582 F.3d at 1044).  Boeing seeks to establish fraudulent joinder

22   in the second way, meaning Boeing must show that Newco "cannot be liable on any

1   theory." *Id.* (quoting *Ritchey*, 139 F.3d at 1318).  However, "if there is a *possibility* that a

2   state court would find that the complaint states a cause of action" against Newco, this

3   court "must find that the joinder was proper and remand the case to the state court."  *Id.*

4   (quoting *Hunter*, 582 F.3d at 1046).  It is not sufficient for Boeing to establish that Ms.

5   Riley fails to state a claim against Newco as understood under Rule 12(b)(6), but rather

6   that Ms. Riley's claim against Newco "is wholly insubstantial and frivolous."  *Id.* (citing

7   *Bell*, 327 U.S. at 682-83).

8               a.  *Statute of Limitations*

9         The parties do not dispute that the Washington Product Liability Act ("WPLA")

10   provides the statute of limitations that applies to Ms. Riley's claims against Newco.  (*See*

11   Resp. at 8; *see generally* Mot.; Reply); *see also* RCW 7.72.060(3) (providing that, subject

12   to certain tolling provisions, "no claim under this chapter may be brought more than three

13   years from the time the claimant discovered or in the exercise of due diligence should

14   have discovered the harm and its cause").[4]  With respect to minors, the three-year statute

15   of limitations is "tolled until the victim reaches the age of majority, 18 years."  *St.*

16   *Michelle v. Robinson*, 759 P.2d 467, 468 (Wash. Ct. App. 1988) (citing RCW

17

18         [4] Ms. Riley's claims against Newco are for negligence and breach of warranty.  (*See*
      KCSC FAC ¶¶ 98-107.)  The parties do not discuss or reference the applicable statutes of

19   limitations for Washington personal injury or warranty claims.  (*See generally* Mot.; Resp.;
      Reply); *see also* RCW 4.16.080(2) (providing a three-year statute of limitations for personal

20   injury claims); RCW 4.16.080(3) (providing a three-year statute of limitations for claims based
      on contracts not in writing); RCW 62A.2-725 (providing four-year statute of limitations for

21   contracts for sale and not in writing).  However, because these additional statutes of limitations
      provide a maximum four-year limitations period, the court's statute of limitations analysis as it

22   applies to Boeing's fraudulent joinder arguments would not change by considering these
      additional provisions.  Therefore, the court declines to consider them.

4.16.190(1)).  Ms. Riley was born in 1980.  (KCSC Compl. ¶ 8.)  She therefore turned 18

years old in 1998.  Boeing argues that the statute of limitations ran in 2001, several years

before Ms. Riley filed her complaint in the King County Case.  (*See* Resp. at 8; KCSC

Compl. at 25.)

Ms. Riley contends that Boeing waived its statute of limitations argument.  In

dismissing the Illinois Case on FNC grounds, the Cook County Superior Court held:

> Pursuant to Rule 187, if the plaintiffs re-file their cases in the Washington
> Superior Court within six months, Boeing shall: (a) accept service of process
> from the relevant court in which each case is re-filed; and (b) waive any
> argument based on a statute of limitations defense.

(Ill. FNC Order at 28-29.)  "Rule 187" refers to Illinois Supreme Court Rule

187(c)(2)(ii), which in turn provides that "[d]ismissal of an action under the doctrine of

*forum non conveniens* shall be upon the following conditions . . . (ii) if the statute of

limitations has run in the other forum, the defendant shall waive that defense."

Ms. Riley argues that the Cook County Superior Court ruling quoted above

precludes Boeing from arguing that the WPLA's statute of limitations has run with

respect to Ms. Riley's claims against Newco.  (*See* Mot. at 7-8.)  Boeing, in turn, relies

on the language of Rule 187 that states "the defendant shall waive that defense" to mean

that Boeing waived only *its own* statute of limitations *defense* against Ms. Riley's claims,

not limitations-based arguments for fraudulent joinder based on Ms. Riley's claims

against Newco—which was not a defendant in the Illinois Case.  (*See* Resp. at 9-11.)

The parties' dispute presents an interesting question.  Rule 187's language favors

Boeing.  That rule speaks of waiving a statute of limitations defense, not a statute of

1    limitations argument to support an argument for fraudulent joinder.  However, although

2    the Illinois Case FNC-based dismissal order cites Rule 187, the order's language is

3    broader than that of the rule.  The order states that Boeing shall waive *any argument*

4    based on *a* statute of limitations defense.  (Ill. FNC Order at 28-29 (emphasis added).)

5    Because Boeing makes an argument (that Newco is fraudulently joined) based on a

6    statute of limitations defense—albeit Newco's—the plain language of the order precludes

7    Boeing's argument.  Although the language of the order and Rule 187 are in tension, this

8    court resolves that tension in favor of the plain language of the order.

9                  b.  *Identification of Specific Chemicals and Newco's Role in the Complaint*

10           Separate and apart from Boeing's fraudulent joinder arguments based on the

11   statute of limitations, Boeing contends that Newco is fraudulently joined for the

12   independent reason that Ms. Riley fails to plead any actionable claims against Newco.

13   (*See* Resp. at 11-14.)  Boeing identifies two purported deficiencies with Ms. Riley's

14   claims against Newco:  (1) that Ms. Riley fails to "specifically identify which workplace

15   chemicals" Ms. Riley's mother "might have encountered" (*see id.* at 12); and (2) Ms.

16   Riley's complaint does not plead that Newco supplied any particular chemical among the

17   broad categories identified, let alone that Newco supplied the chemical *and* it was the

18   cause of her injuries (*see id.* at 12-13).

19           The court evaluates Boeing's challenges to the sufficiency of Ms. Riley's claims

20   against Newco under Washington State—not federal—pleading standards.  *See*

21   *Grancare, LLC*, 889 F.3d at 548-49 ("[I]f there is a *possibility* that a state court would

22   find that the complaint states a cause of action against any of the resident defendants, the

1   federal court must find that the joinder was proper and remand the case to the state

2   court.") (quoting *Hunter*, 582 F.3d at 1046).  Washington's pleading standards are more

3   relaxed than those set forth in the Federal Rules of Civil Procedure.  *See Pac. Nw.*

4   *Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 281 (Wash. 2006) ("Washington is

5   a notice pleading state and merely requires a simple, concise statement of the claim and

6   the relief sought.") (citing Wash. Super. Ct. Civ. R. 8).

7            The court concludes that it is possible that a Washington state court would find

8   that Ms. Riley states a viable claim against Newco.  *See Grancare, LLC*, 889 F.3d at

9   548-49.  The court finds unpersuasive Boeing's assertion that Ms. Riley's complaint

10  "does not even attempt to specifically identify which workplace chemicals Deborah

11  Ulrich might have encountered" (Resp. at 12) and "does not allege that [Newco] supplied

12  the 'relevant product'" that caused her injuries (*id.* at 12-13 (quoting RCW 7.72.010(3))).

13  Ms. Riley's complaint specifically alleges that her mother was exposed to four categories

14  of chemicals and lists the names of numerous chemicals within those four categories:

15        a.  Laminating dry film and chemicals used in the process, which, upon
             information and belief, included ethylene glycol ethers;
16        b.  Volatile organic degreasing and cleaning solvents and their components,
             including trichloroethylene (TCE);
17        c.  Organic solvents and their components, including naphtha, benzene,
             toluene, xylene, acetone and mineral spirits; and
18        d.  Metals used in soldering processes, including but not limited to lead[.]

19  (*See* KCSC FAC ¶¶ 15(a)-(d).)  The complaint further alleges that Newco "supplied,

20  transported, formulated, re-formulated, mixed, sold and/or distributed some of the

21  aforementioned chemical and metal products and substances to [Boeing] and its

22  /

ORDER - 18

1   employees" and that Boeing "provided all of the aforementioned chemical products and

2   substances to Deborah Ulrich for use at the Boeing Facility." (*Id.* ¶¶ 17-18.)

3        These allegations are more than sufficient to meet Washington State's more

4   relaxed notice pleading standard. Ms. Riley's complaint places Newco on notice of the

5   factual allegations against it—that it supplied chemicals to Boeing that injured Ms. Riley

6   *in utero*. (*Id.* ¶¶ 17-18.) Further, it places Newco on notice of the legal theories against

7   it—negligence and breach of warranty. (*Id.* ¶¶ 105-114.) Further, if there was any doubt

8   whether Ms. Riley's complaint meets Washington Superior Court Civil Rule 8(a)'s

9   pleading standard, that doubt would be resolved in favor of remand. *See Hawaii ex rel.*

10  *Louie*, 761 F.3d at 1034; *Gaus*, 980 F.2d at 566. Accordingly, Boeing does not meet its

11  "heavy burden" to establish fraudulent joinder by clear and convincing evidence. *See*

12  *Grancare, LLC*, 889 F.3d at 548-49.

13       For the reasons stated above, the court concludes that there is not complete

14  diversity because both Ms. Riley and Newco are Washington citizens, and Newco is not

15  fraudulently joined. Therefore, this court lacks diversity jurisdiction under 28 U.S.C.

16  § 1332(a). Accordingly, the court GRANTS Ms. Riley's motion to remand this case to

17  King County Superior Court.

18              **IV.   CONCLUSION**

19       For the reasons set forth above, the court GRANTS Ms. Riley's motion to remand

20  this case to King County Superior Court (Dkt. # 25). The court ORDERS that:

21  //

22  //

1.      Except for any potential motions for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County, Washington;

2.      The Clerk shall send copies of this order to all counsel of record for all parties;

3.      Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this order to the Clerk for the Superior Court for King County, Washington;

4.      Except for any briefs regarding attorneys' fees and costs, the parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

5.      The Clerk shall CLOSE this case.

Dated this 12th day of June, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 20